IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE GASTON,<br><br>Plaintiff<br><br>VS.<br><br>JO ANNE B. BARNHART,<br>S.S. Commissioner,<br><br>Defendant | NO. 5:06-CV-220 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

# **O R D E R**

On January 24, 2003, plaintiff GEORGE GASTON filed an application for Supplemental Security Income, and on February 24, 2003, he filed for Period of Disability and Disability Insurance Benefits. He alleges that he is disabled due to physical and mental limitations including back and neck pain, foot pain, degenerative disease of the lower spine, carpal tunnel syndrome, and depression. Plaintiff's applications were denied initially and again after two hearings before an administrative law judge (ALJ). The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision that of the Commissioner of Social Security. Plaintiff Gaston has therefore exhausted his administrative remedies, and this case is therefore ripe for review under 42 U.S.C. §§ 405 g and 1383(c)(3). All parties have consented to the undersigned, a full-time United States Magistrate Judge, to hear this appeal.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. ***Carnes v. Sullivan***, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. ***Wheeler v. Heckler***, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* ***Graham v. Bowen***, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Gaston alleges that the ALJ's decision is not based on substantial evidence because the ALJ (1) did not obtain a consultative examination of the plaintiff's mental impairments, and (2) rejected the opinions of the plaintiff's treating physicians.

### Additional Consultative Examination

A consultive examination is appropriate "only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or from other medical sources." ***Doughty v. Apfel***, 245 F.3d 1274, 1281 (11th Cir. 2001) (citing 20 C.F.R. §404.1519a). In the instant case, the ALJ found that he had sufficient evidence upon which to make a finding, and that an additional consultative examination was therefore not necessary

The ALJ based his decision on the record as a whole, which included the findings of Dr. Sarah Matovu, a treating physician, and Dr. Dallas Dan von Hessler, a consultative physician. Dr. Matovu's records indicate that the plaintiff suffered from depression which came about first because of the death of a friend, and later from impotence. Dr. Matovu noted that the plaintiff's depression was alleviated to a degree by Paxil (Tr. 317, noting that plaintiff's mood was "brighter"), and that the plaintiff's depression was stable on July 27, 2004. Tr. 313. Dr. Hessler's records indicate that the plaintiff "does not exhibit evidence. . . of significant depression." Tr. 287.

While the plaintiff argues that the evidence before the ALJ was insufficient to support his finding regarding plaintiff's depression, Dr. Hessler's conclusion regarding plaintiff's mental state is a sufficient basis for the ALJ to make such a determination, especially considering that there is no evidence that any depression the plaintiff may have been experiencing was limiting in terms of the plaintiff's ability to engage in work-related activities.[2]

Because there was sufficient evidence upon which the ALJ could base his finding that the plaintiff's depression was not limiting, he was under no duty to order further evaluation.

**Rejection of Treating and Examining Physicians**

The ALJ specifically found that Dr. Matovu's general conclusions regarding the plaintiff's ability to work were not reliable and that Dr. Matovu's specific conclusions about the plaintiff's ability to sit, walk, stand, lift, carry, push, pull, reach, and lift were inconsistent with her own reports and the record as a whole. Tr. 28. The ALJ also concluded that the opinion of Dr. S. Wright, who found symptoms of carpel tunnel syndrome, did not support a finding of disability.

The ALJ's opinion correctly points out that the decision of whether an individual is disabled is reserved for the Commissioner and that a doctor's opinion regarding disability is not determinative of such a finding. Tr. 28. Accordingly, the ALJ's determination that Dr. Matovu's finding (regarding the plaintiff's general ability to work) was not only permissible but was, in fact, mandatory.

As to Dr. Matovu's findings regarding plaintiff Gaston's specific functioning abilities, an ALJ must afford substantial weight to the opinions of treating physicians unless good cause is shown to the contrary. ***Broughton v. Heckler***, 776 F.2d 960 (11th Cir. 1985). Here, the ALJ had good cause for limiting the evidentiary value of Dr. Matovu's conclusions: specifically the ALJ found that Dr. Matovu's conclusions were inconsistent with her own records and the findings of Dr. Hessler and Dr. Joe Sam Robinson, as well as Dr. Charles Hancock, a non-examining medical expert.

---

[2] Simply because someone is depressed does not indicate that such a person cannot be gainfully employed, and while the plaintiff has produced largely uncontroverted evidence that he suffers from depression, there is no evidence in the record to suggest that such depression — alone or in combination with other limitations — has limited his ability to work. See ***McCruter v. Bowen***, 791 F.2d 1544, 1547 (11th Cir. 1986) (finding that the severity of a "disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality").

Plaintiff's brief states that "[b]oth Dr. Motavu and Dr. Wright found that the Plaintiff's carpal tunnel syndrome was established by medical evidence" but provides no citation for such a statement. In fact, the only evidence either party cites regarding carpel tunnel syndrome is the finding of Dr. Wright which show symptoms "compatible with carpal tunnel syndrome." As Dr. Hancock testified, such a finding does not necessarily indicate a diagnosis of carpel tunnel syndrome; Dr. Hancock did not find that the evidence in the record would support such a diagnosis. Tr. 372-374.

Because the ALJ had good cause to discount the opinions of Dr. Matovu and Dr. Wright, his decision to do so was not error. Substantial evidence supports his conclusion that the plaintiff is not disabled.

## CONCLUSION

Accordingly, substantial evidence supports the Commissioner's decision and it is therefore **AFFIRMED**.

SO ORDERED, this 31st day of MARCH, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE